HON. PIERPOINT ISHAM,  
HON. MILO L. BENNETT,  } ASSISTANT JUDGES.

---

WALTER L. JOHNSON *v.* WILLIAM KINGSBURY AND EUSEBIA KINGSBURY

*Discontinuance of suit by expiration of justice's term of office; liability of the plaintiff for the defendant's costs.*

An action pending, and on trial by a jury, on the 30th day of November, before a justice of the peace whose term of office expired on that day, was proceeded with, by the agreement of the parties, until 6 o'clock on the morning of the 1st of De-

cember, when the jury failed to agree; and the ex-justice took no further cogni-
zance of the cause, and neither party caused a new justice to be substituted in his
place.  *Held* that the defendant therein could not maintain an action against the
plaintiff for the taxable costs to which he had been subjected in his defense of the
suit.

ACTION ON THE CASE.  The declaration set forth the com-
mencement, on or about the 6th of September, 1853, of a suit by
the defendants against the plaintiff, returnable before Prescott
Heald, Esq., a justice of the peace, on the 12th of said September ;
a trial by jury before said justice on the 12th, and subsequently
by adjournment on the 26th of September; upon both which trials
the jurors failed to agree and were discharged ; a further continu-
ance of said suit to the 28th of November, and the declaration
then proceeded as follows.

" And on said 28th day of November, aforesaid, a jury was again
empanelled, and the trial of said cause occupied the 28th, 29th
and 30th days of said November, and up to six o'clock in the morn-
ing of the first day of December, 1853 ; and the plaintiff avers that
the term of office of said justice Heald expired on the last day of
November aforesaid, and the said justice Heald was not elected a
justice of the peace for the year, commencing on said first day of
December.  And on said 30th day of November, late in the day,
it was agreed by and between the counsel for the plaintiffs and
defendant, in said cause, that if said trial could not be ended before
the first day of said December, that said justice Heald might con-
tinue to act as justice in said cause, until the jury should return a
verdict in said cause, and judgment be rendered on it, or until said
jury should fail to agree ; and that all the acts of the said Heald,
as aforesaid, should, after the expiration of his said office, be bind-
ing upon the parties, as though his office continued to that period ;
and said justice Heald proceeded with the trial of said cause,
and said trial continued until past twelve o'clock at night of said
30th day of November, and until six o'clock in the morning of the
first day of said December, when the jury in said cause failed to
agree, and said justice Heald took no further cognizance of said
cause, and no other justice was requested to, or did take cognizance
of said cause, but the same was ended as aforesaid, and was in no
way thereafter revived ; and the plaintiff avers that the legal and

taxable costs he was put to in defending said suit, amounted to the sum of fifty dollars."

To this declaration the defendants demurred. The county court, December Term, 1854,—UNDERWOOD, J., presiding,—adjudged the declaration sufficient, and that the plaintiff recover, as damages, the costs set forth in his declaration. Exceptions by the defendants.

*L. Adams* for the defendants.

*H. E. Stoughton* for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, CH. J. This case comes before the court upon de-murrer to the declaration. The case, attempted to be made, is cer-tainly one of new impression. . It is attempted to be maintained upon the authority of those cases where a party sues out process, returnable before a justice, and then omits to enter his action, by which the defendant is deprived of costs, after having incurred ex-pense in preparing for trial. But it seems to us the present case differs essentially from that class of cases. Here there not only is no positive wrong alleged against the defendants, but it seems to us difficult to imply any. If the suit had been set so near the end of the official term of the justice, as to involve the probability that he would not be able to finish the proceeding, it might be said he should be held liable for a result which he might reasonably have anticipated. But here it would seem probable the writ was sued out before the question of the re-election of the justice was deter-mined, being alleged to have been on or about the sixth day of September; and it was made returnable upon the twelfth day of September, leaving nearly three months in which to finish the case ; a term amply sufficient, in all reasonable probability.

The course of the litigation is nothing for which the defendants were responsible. That was controlled by an agency superior to them, and over which they were not expected to exercise domin-ion, and for whose errors or imperfections they were not, in any sense, responsible. The case being tried upon the 12th of September, the 26th of the same month, and the 28th, 29th and 30th of No-vember, by jury, who were unable to agree, and being finally, by

agreement of parties, continued on trial six hours beyond the official existence of the justice, it was abandoned by both parties, it would seem.

How there is anything in all this, of which the plaintiff can justly complain, it is certainly difficult to conjecture. It is not alleged that he had any just defense to the claim in the former suit. From the course of the litigation we may fairly presume, perhaps, that he intended to defeat the recovery, and that he acted in good faith. But if the thing is to be determined by mere intendment, it seems to us an equal chance that he might or might not have failed in his defense, if the suit had been pushed through. It seems, at all events, a reasonably fair presumption, that it was a mercy to the plaintiff, and equally to the defendants, that the litigation ceased as it did, and when it did.

The plaintiff here certainly could not complain that the justice should continue to take cognizance of the cause, up to the utmost limit of his official existence. The act of 1851 does not authorize any other justice to assume the jurisdiction in anticipation of his speedy demise, because he probably may not be able to finish the trial, but only to take cognizance, "upon proof of the expiration of said term of office." And the second justice is to make a record of such expiration as the basis of his own jurisdiction. He could not interfere then until that event transpired. And it is very obvious that the statute has no natural fitness of application to any such case as the present, or to any case, except one where the writ is issued in one official year, returnable in another, where the justice is not re-appointed. The words of the statute are, "whose term of office shall expire before the trial of said action." This action had been sufficiently tried before the justice's term of office expired, but it was still pending and in this respect the statute may be said to apply. But if the statute applies to this case, it must equally to one where the trial is before the court; and it would certainly present a very awkward and somewhat farcical proceeding, to have another justice enter upon the jurisdiction of a cause in the midst of a trial, by the first justice ; but perhaps it is not impossible to give it even that application. It would certainly involve more difficulties than we are now prepared to meet. But there are two unanswerable reasons, to my mind, why, in the

present case, no fault is attachable to the defendants for not pro-curing a justice to assume the jurisdiction of this cause, under the circumstances.

1. If the jurisdiction were to be transfered, it should be done in the precise condition in which the expiration of the official term of the first justice left it. And, in the present case, by con-sent and agreement of parties, the case continued upon trial for six hours, as a mere arbitration. And if this can be done for that time, it may be extended to any time. The statute evidently makes no provision for another justice assuming the cognizance of a cause which has been even partly tried by arbitration.

2. There is nothing in the act of 1851 which makes it the duty of one party more than the other, to call in a second justice. The defendant, in that action, if he chose to continue the litigation, might as well have called in another justice as the plaintiff; and his not doing it, seems a sufficient indication that he was content to let the matter stop.

The parties seem both to have become wearied of the litigation, and if their ill feeling did not expire with the official life of the jus-tice, they seem, at all events to have given in, and acquiesced in the result.

Judgment reversed and judgment that declaration is insufficient, and that the defendants recover their costs.